UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

F.M.B., A MINOR, BY
ADULT AND NEXT FRIEND
RICK L. BALDWIN                                                                                    PLAINTIFF

V.                                                                       CIVIL ACTION NO. 3:08cv530 DPJ-JCS

THE MEGA LIFE & HEALTH
INSURANCE COMPANY, AND ABC                                                          DEFENDANTS

ORDER

This insurance dispute is before the Court on Plaintiff's Motion to Remand [4]. The Court, having considered the parties' submissions and relevant authorities, finds that Plaintiff's motion should be granted.

Plaintiff F.M.B., a minor, alleges that Defendant The Mega Life & Health Insurance Company ("Mega Life") refused to pay medical benefits due under a health insurance policy. The *ad damnum* clause requests "actual damages in the amount of $35,000.00 and . . . punitive damages in the amount of $35,000 for a total of $70,000.00." Complaint ¶ 9. Mega Life timely removed the action to this Court on diversity grounds, asserting that the amount in controversy exceeds $75,000.

In her motion to remand, Plaintiff argues that the *ad damnum* clause clearly indicates that she seeks less than the jurisdictional amount. To support her claim, Plaintiff submitted the affidavit of her father and next friend, Ricky L. Baldwin, stating that she "is not asking for more than $75,000.00, nor will [she] accept more than $75,000 for the damages sustained" as a result of Mega Life's actions. Baldwin Aff. at 1. In opposition, Mega Life contends that Plaintiff's affidavit cannot be considered by the Court and maintains that her damages exceed $75,000.

It is well settled that the removing party bears the burden of establishing jurisdictional prerequisites. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). In diversity cases, the plaintiff remains the master of her complaint, such that "a plaintiff who does not 'desire to try [her] case in federal court . . . may resort to the expedient of suing for less than the jurisdictional amount, and though [she] would justly be entitled to more, the defendant cannot remove.'" *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). However, if the defendant proves by a preponderance of the evidence that the amount in controversy exceeds $75,000, removal is proper unless the plaintiff demonstrates by a legal certainty that she cannot recover more than the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995). The defendant may carry this burden in two ways: (1) by showing it is facially apparent from the plaintiff's complaint that the amount in controversy exceeds $75,000; or (2) by setting forth the facts that support a finding that the jurisdictional amount is met. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citation omitted).

In this case, Plaintiff's Complaint seeks less than the jurisdictional amount. Although Defendant claims that damages are actually higher, it is not facially apparent that the amount in controversy exceeds the jurisdictional minimum. *See Allen,* 63 F.3d at 1335 (5th Cir. 1995) (noting that removal cannot be based on conclusory allegations); *Lewis*, 189 F. Supp. 2d at 593 (finding that defendant "must present this court more than a hunch or suspicion" that the jurisdictional amount is satisfied).

2

Furthermore, Plaintiff submitted an affidavit clarifying that she does not seek, and will not accept, more than $75,000 in damages. *If* it is facially apparent that the plaintiff's damages exceed $75,000 at the time of removal, post-removal affidavits and stipulations will not deprive the court of jurisdiction. *Gebbia*, 233 F.3d at 883 (citation omitted). However, "post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." *Id.*; *see also Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 776 n.3 (5th Cir. 2001) (approving trial court's consideration of post-removal affidavits that merely clarified the amount sought at the time of removal). In this regard, "[s]uch affidavits, when submitted to clarify a petition that previously left the jurisdictional question ambiguous, are not considered a post-removal event and may be properly considered, since in that circumstance, the court is still examining the jurisdictional facts as of the time the case is removed." *Blaylock v. Mut. of N.Y. Life Ins. Co.,* 228 F. Supp. 2d 778, 785-786 (S.D. Miss. 2002) (citations and quotations omitted). Because the basis for jurisdiction was not facially apparent from the Complaint, the Court may properly consider post-removal affidavits. *See Gebbia*, 233 F.3d at 883; *Allen*, 63 F.3d at 1336.

Plaintiff's Complaint, when clarified by her affidavit, establishes that the amount in controversy falls below the statutory requirement. The Court expressly bases this holding on the conclusion that Plaintiff has bound herself to a total recovery of less than the jurisdictional minimum for this Court. *See Guy Jones, Jr. Construction Co. v. Zurich-Am. Ins. Group*, No. 4:05cv61, 2006 WL 1983404, at *1 (N.D. Miss. July 13, 2006) (finding that plaintiff's stipulation in motion to remand bound plaintiff); *McCool v. State Farm Fire & Cas. Co.*, No. 4:98cv71-B-B, 1998 WL 527280, at *4 (N.D. Miss. July 20, 1998) (considering plaintiff's post-

removal stipulation and remanding). If Plaintiff later seeks leave to amend the *ad damnum* clause, this Court will entertain removal under *Tedford v. Warner- Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003).[1]

Accordingly, the Court finds that Defendant has failed to prove that the amount in controversy exceeds the jurisdictional amount. *See Citizens Nat'l Banc Corp. v. Directory Assistants, Inc.*, Civil Action No 4:07cv81 DPJ-JCS, 2007 WL 4293304, at *2 (S.D. Miss. Dec. 4, 2007); *Nelson v. Rite Aid Corp.*, Civil Action No. 5:05cv173, 2006 WL 2474005, at *2-3 (S.D. Miss. Aug. 25, 2006).

IT IS HEREBY ORDERED that Plaintiff's motion to remand is granted. This action is remanded to the Circuit Court of Smith County, Mississippi.

**SO ORDERED** this the 18th day of February, 2009.

                                         s/ *Daniel P. Jordan III*
                                         UNITED STATES DISTRICT JUDGE

---

[1] As the court explained in *Lee v. State Farm Mutual Automobile Insurance Co.*,

> The Court is aware that under the procedural rules of Mississippi, the ad damnum clause of the Complaint may be amended even as late as at the close of evidence, before the case is presented to the jury. [However,] the Court presumes that the state trial judge would prohibit such an amendment as it would be allowing the Plaintiff to perpetrate a fraud on this Court.

360 F. Supp. 2d 825, 832-33 (S.D. Miss. 2005).